NO. 11-4490

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

DARNELL BARNES,
Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Virginia
Newport News Division
Case No. 4:10CR74
The Honorable Judge Robert G. Doumar

BRIEF OF APPELLANT DARNELL BARNES

ANDERS BRIEF

BRYAN L. SAUNDERS
VBS # 13475
728 C THIMBLE SHOALS BOULEVARD
NEWPORT NEWS, VIRGINIA 23606
(757) 873-0043
FAX (757) 873-0335
EMAIL BRYANSAUND@AOL.COX

ATTORNEY FOR APPELLANT DARNELL BARNES

## TABLE OF CONTENTS

TABLE OF AUTHORITIES                                              3

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION                                           4

STATEMENT OF ISSUES                                              4

STATEMENT OF CASE                                                5

STATEMENT OF FACTS                                               6

SUMMARY OF ARGUMENT                                              9

ARUGMENT                                                         9

CONCLUSION                                                      11

ADDENDUM                                                        12

CERTIFICATE OF COMPLIANCE                                       16

CERTIFICATE OF SERVICE                                          17

## TABLE OF AUTHORITIES

Rule 4(b) of the Federal Rules of Appellate Procedure     4

18 U.S.C. Section 2     4

18U.S.C. Section 3231     4

18 U.S.C. Section 3553 (a)     5, 11, 9

21 U.S.C. Section 841(a)(1) ;(b) (1) (A); (b) (1) (B) (1)     4, 5

21 U.S.C. Section 846     4, 5

28 U.S.C. Section 1291     4

Anders v California 386 U.S. 738 (1967)     9

Gall v. United States, 552 U.S. 38 (2007)     11

Griffin v. California, 380 U.S. 609 (1965)     10

United States v. Burgos, 94 F. 3d 849 (4th Cir. 1996)     10

United States v. Francis, 82 F. 3d 77 (4th Cir. 1996)     10

United States v. Grabiec, 563 F. 2d 313 (4th Cir. 1977)     10

United States v. Lowe, 65 F. 3d 1137 (4th Cir. 1995)     10

United States v. Ollivierre, 378 F. 3d 412 (4th Cir. 2004)     11
Sentence vacated 543 U.S. 1112 (2005)

United States v. Pauley, 511 F. 3d 468 (4th Cir. 2007)     11

United States v. Percy, 765 F. 2d 1199 (4th Cir. 1985)     10

<u>STATEMENT OF SUBJECT MATTER</u>
<u>APPELLATE JURISDICTION</u>

This appeal arises from the final convictions of Appellants, Monique Hunter and Darnell Barnes on January 10, 2011 by a jury sitting in the Eastern District of Virginia, Newport News Division. Each of the Defendants were found guilty of conspiracy to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) and distribution of and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B)(i) and 18 U.S.C § 2. The District Court had subject matter jurisdiction over these matters pursuant to 18 U.S.C. § 3231.

The Defendants were sentenced on April 18, 2011, and the final judgments on each became final on April 22, 2011. Darnell Barnes filed his Notice of Appeal on May 3, 2011.

This Honorable Court has jurisdiction of final orders of judgment of convictions entered by the District Court in federal criminal cases pursuant to 28 U.S.C. § 1291 and Rule 4(b) of the Federal Rules of Appellate Procedure.

<u>STATEMENT OF ISSUES</u>

Was the evidence sufficient to prove all the elements of the Counts of conviction?

Did the government's comments during closing argument violated Mr. Barnes' Fifth Amendment rights and so prejudicial as to deprive him of a fair trial?

Was the Appellant's sentence unreasonably excessive in that it was greater than necessary to comply with the purposes set forth in 18 U.S.C. 3553 (a) (2)?

## STATEMENT OF THE CASE

Darnell Barnes and Monique Hunter were each charged in a 9 count superseding indictment filed on September 14, 2010 which alleged that each of them conspired to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) (Count 1) and that they distributed and possessed with intent to distribute heroin in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B) (i) and 18 U.S.C § 2 (Barnes in Counts 2, 3, and Hunter in counts 4, 5). In addition, Monique Hunter was convicted of maintaining a drug involved premise in violation of 21 U.S.C. §§ 856(a)(2) and (b) and 18 U.S.C. § 2, (Count 6) and use of a communication facility to facilitate a felony drug offense in violation of 21 U.S.C. § 843(b) (Count 7).

On December 15, 2010, the Government filed notice of Darrell Barnes having a prior felony drug conviction.

The case was tried to a jury, the Honorable Robert G. Doumar, presiding, commencing on January 4, 2011 and ending on January 10, 2011. During the government's closing argument comment was made "You heard from several of his employees, all the people who are listed there on the screen. You obviously didn't hear from Ms. Hunter, and she has no obligation to present any evidence,

5

but you heard from the other employees listed there on the screen, Obadiah Bennett, John Marc Morris…" at this time both Monique Hunter and Darnell Barnes moved for a mistrial which motions the Court denied giving a curative instruction to the jury.

The jury returned a special verdict finding Darnell Barnes guilty, under Count1, of a conspiracy to distribute 100 grams or more but less than a kilogram of heroin and 500 grams or more but less than 5 kilograms of cocaine and under Counts 2 and 3 of distributing 100 grams or more of heroin.

On January 31, 2011, Darnell Barnes filed a Motion for a New Trial, which the Court denied by a written Opinion and Order filed on May 4, 2011.

On April 18, 2011, Darnell Barnes was sentenced to one hundred eighty-eight (188) months on Counts 1, 2, and 3, all sentences to run concurrently. On the same date Monique Hunter was sentenced to sixty-nine (69) months on Counts 1,4,5, and 6, and a term of forty-eight (48) months on Counts 7 and 9, all to be served concurrently.

Barnes and Hunter each timely filed their Notices of Appeal.

## STATEMENT OF FACTS

The Government's evidence was that a large conspiracy to distribute heroin was conducted between New York and Virginia. The conspiracy was lead by Darryl Wright, aka Mike, and Marc Johnson, aka Spills or Sparks, was the primary

6

supplier of the operation.  Johnson would supply the drugs and rental vehicles for the transportation of the drugs from New York City to the Tidewater area of Virginia. During the course of the alleged conspiracy, Johnson used a number of runners to transport large quantities of heroin from New York to Virginia to a series of residences (Tabletops) where the drugs would be cut and packaged for distribution.

The Government's evidence consisted primarily of testimony from alleged co-conspirators who had previously pled guilty, and hoped to have their sentences reduced, or their cooperation considered in their upcoming sentencing events.

Johnson indicated that he originally met Darnell Barnes aka Imani, in a barber shop on Quincy Street in New York City where Barnes inquired about Johnson's trade in heroin, expressing an interest in participating in the trade which Johnson allowed him to do.   The two split the profits equally, and began by selling only locally. Eventually, Johnson contended, Barnes wanted to branch out and began selling the to an individual  named "Gumz" in Virginia, and to individuals named G, Wright and  Mr. P, all in North Carolina.   Johnson began by giving Barnes 50 grams of heroin and the quantity of drugs sold per month expanded to 100 to 500 grams per month.

According to Johnson,  Darryl Wright would call him and tell him he was ready for a shipment.  Johnson would call his supplier, obtain and test the purity of

the drugs and if acceptable, call a courier or runner to take them to Virginia. With regard to who delivered the drugs, Johnson would use either Betty (Bethzaida Nazario), or Barnes, but preferred to use Barnes as a runner because of his "discipline."   Although Barnes often used his own cars for these trips, Johnson often rented cars for Barnes to use, with Barnes often listed as a secondary driver. These rentals were of short duration, and generally originated from the Avis Rental Company at JFK Airport.  The Government introduced a series of rental contracts of short duration, which listed Johnson as the primary driver, and many listed Barnes as the secondary driver, and examined Johnson on a number of the contracts that were introduced, including a contract from California.

Johnson testified in great detail about the operation and his dealings with Barnes, and other individuals, the only times he could remember dates were the occasions counsel for the Government showed him dated exhibits.

Johnson also claimed to have used Barnes to transport cocaine on two occasions. Betty and Barnes transported the cocaine (7-9 kilograms) from LA to New York in a car. Johnson also testified that he used Barnes to transport between 30-50 pounds of marijuana from Florida to New York.

Other co-conspirators testifying for the government concerning Barnes' involvement in the delivery of drugs were Bethzaida Nazario; Marc Johnson;

Edward Myricks; Edward Hill; Obadiah Rhodes Bennett; Darryl Wright; Taurean Gladding; John Marc Morris and Taraha Wright.

The deliveries, by various carriers, from Marc Johnson to Darryl Wright consisted of 100 to 400 grams of heroin every two weeks.

## SUMMARY OF ARGUMENT

The evidence was insufficient to prove all the elements of the Counts of conviction the only evidence produced by the government coming from alleged co-conspirators and was total untrustworthy.

The government's comments during closing argument violated Mr. Barnes' Fifth Amendment rights and were so prejudicial as to deprive him of a fair trial.

The Appellant's sentence was excessive in that it was greater than necessary to comply with the purposes set forth in 18 U.S.C. 3553 (a) (2) when the special verdict of the jury determining drug amounts is taken in to consideration.

## ARGUMENT

In accordance with *Anders v. California* 386 U.S. 738 (1967), Counsel for the Appellant states that it is his opinion that there are no meritorious issues for appeal.

Nevertheless the Mr. Barnes could raise the issues of:

The evidence being insufficient to prove beyond a reasonable doubt all the elements of all the counts of the superseding indictment even though the court must view the circumstantial and direct evidence in the light most favorable to the

9

government and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt *United States v. Lowe*, 65 F.3d 1137, 1142 (4th Cir. 1995). And in a criminal case tried by a jury, the Court must sustain a guilty verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it" *United States v. Burgos*, 94 F3d 849, 862 (4th Cir 1996), the only evidence produced by the government came from alleged co-conspirators and was total untrustworthy.

While not a direct comment on Mr. Barnes failure to testify the comment by the Assistant United States Attorney violated the defendants' rights under the Fifth Amendment, *Griffin v California*, 380 U.S. 609, 615 (1965), and, did constitute an indirect comment on Mr. Barnes failure to testify and meets the second part of the test set out in *United States v Francis*, 82 F3d 77,78 (4th Cir. 1996), of whether the language used was "manifestly intended to be or was of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.". While recognizing that "to answer these questions, the Court evaluates the comment 'in the context in which it was made' "*United States v Percy* 765 F2d 1199, 1204 (4th Cir. 1985) and "a trial court possesses broad discretion to control closing argument, and its discretion is not to be overturned absent a showing of clear abuse *United States v Grabiec* 563 F2d 313, 319 (4th Cir. 1977) and such an abuse will justify reversal of a conviction only if it constitutes

10

prejudicial error, Mr. Barnes could argue that the government's comments were so prejudicial as to deprive him of a fair trial. *United States v. Ollivierre*, 378 F.3d 412, 420 (4ᵗʰ Cir. 2004), *sentence vacated under Olivierre,* 543 U.S. 1112 (2005).

Mr. Barnes could argue that the court abused its discretion it sentencing him to serve 188 months such a sentence being excessive in that it was greater than necessary to comply with the purposes set forth in 18 U.S.C. 3553 (a) (2) when the special verdict of the jury determining drug amounts is taken in to consideration.

When determining a sentence, the district court must calculate the appropriate advisory Sentencing Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). *Gall v. United States*, 552 U.S.38, 49-50 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id. at 41. Sentences within the applicable Guidelines range may be presumed by the appellate court to be reasonable. *United States v. Pauley*, 511 F3d 468,473 (4ᵗʰ Cir. 2007).

CONCLUSION

For the reasons stated herein, Darnell Barnes, respectfully requests this honorable court to reverse his conviction and sentence and remand for a new trial and sentencing.

11

Respectfully submitted,
DARNELL BARNES

_____/s/_____
Bryan L. Saunders
Va. Bar Number 13475
Attorney for Darnell Barnes
Bryan L. Saunders, Attorney at Law
Post Office Box 1633
Newport News, Virginia 23601-0633
(757) 873-0043
Fax (757) 873-0355
bryansaund@aol.com

## **ADDENDUM**

TITLE 18 UNITED STATES CODE SECTION 3353

(a) Factors To Be Considered in Imposing a Sentence. - The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider -
   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
   (2) the need for the sentence imposed -
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
   (3) the kinds of sentences available;
   (4) the kinds of sentence and the sentencing range established for -
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines

12

issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced;

## TITLE 18 UNITED STATES CODE SECTION 3742

a) Appeal by a Defendant. - A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence -

  (1) was imposed in violation of law;

  (2) was imposed as a result of an incorrect application of the sentencing guidelines; or

  (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

  (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

## TITLE 18 UNITED STATES CODE SECTION 2

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

## TITLE 21 UNITED STATES CODE SECTION 841

Unlawful acts

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally -

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

13

(b) Penalties
Except as otherwise provided in section 849, 859, 860, or 861 of
this title, any person who violates subsection (a) of this section
shall be sentenced as follows:
(1)(A) In the case of a violation of subsection (a) of this
section involving -
(i) 1 kilogram or more of a mixture or substance containing a
detectable amount of heroin;
(ii) 5 kilograms or more of a mixture or substance containing a
detectable amount of -
(II) cocaine, its salts, optical and geometric isomers, and
salts of isomers;

such person shall be sentenced to a term of imprisonment which may
not be less than 10 years or more than life and if death or serious
bodily injury results from the use of such substance shall be not
less than 20 years or more than life, a fine not to exceed the
greater of that authorized in accordance with the provisions of
title 18 or $4,000,000 if the defendant is an individual
If any person commits such a violation after a prior conviction for
a felony drug offense has become final, such person shall be
sentenced to a term of imprisonment which may not be less than 20
years and not more than life imprisonment

(B) In the case of a violation of subsection (a) of this section
involving -
(i) 100 grams or more of a mixture or substance containing a
detectable amount of heroin;
(iii) 5 grams or more of a mixture or substance described in
clause (ii) which contains cocaine base;

such person shall be sentenced to a term of imprisonment which may
not be less than 5 years and not more than 40 years and if death or
serious bodily injury results from the use of such substance shall
be not less than 20 years or more than life, a fine not to exceed
the greater of that authorized in accordance with the provisions of
title 18 or $2,000,000 if the defendant is an individual or
$5,000,000 if the defendant is other than an individual, or both.
If any person commits such a violation after a prior conviction for
a felony drug offense has become final, such person shall be

14

sentenced to a term of imprisonment which may not be less than 10 years

## CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH LIMITATIONS

1 .   This brief has been prepared using (SELECT AND COMPLETE ONLY ONE):

 X   Fourteen point, proportionally spaced serif typeface (such as CG Times or Times New Roman, NOT sans serif typeface such as Arial). Specify software name and version, typeface name, and point size below (for example, WordPerfect 8, CG Times, 14 point).

 Microsoft Word 2000 (9.0.4402 SR-1), Times New Roman, 14 points

_____

 __    Twelve point, monospaced typeface

              (such as Courier or Courier New).

              Specify software name and version, typeface name, and point size below (for example, WordPerfect 8, Courier, 12 point).

_____

2.    EXCLUSIVE of the corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules, or regulations; and the certificate of service, this Brief contains (SELECT AND COMPLETE ONLY ONE):

       X    17___    Pages (give specific number of pages; may not exceed 30 pages for opening brief or answering brief or 15 pages for reply brief); **OR**
            __    _____ Words (give specific number of words; may not exceed 14,000 words for opening or answering brief or 7,000 for reply brief); **OR**
            __    _____ Lines of Monospaced Type (give specific number of lines may not exceed 1,300 lines for opening or answering brief 650 for reply brief, may be used ONLY for briefs prepared in monospaced type such as Courier OR Courier New)

       I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.  If the Court so directs, I will provide an electronic version of the brief an/or a copy of the word or line printout.


/S/ Bryan L. Saunders
Signature of Filing Party

16

## CERTIFICATE OF SERVICE

I certify that on September 29, 2011 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

 Darnell  Barnes
15868-016
FCI, Gilmer
P.O. Box 6000
Glenville, W V 26351

/s/ Bryan L. Saunders    September 29, 2011
Signature     Date

17